(1) filing a complaint or information;
(2) docketing the case;
(3) taxing costs against the defendant;
(4) issuing original writs and subpoenas;
(5) swearing in and impaneling a jury;
(6) receiving and recording the verdict;
(7) filing each paper entered in the case; and
(8) swearing in witnesses in the case.
Tex. Code Crim. Proc. art. 102.005.
Appellant concedes that "[t]here is no question that the foregoing services provided by the clerk are legitimate criminal justice purposes." Appellant argues that, like the prosecutor's fee, the district clerk's fee is unconstitutional because revenue from the court cost is not directed to the district clerk by statute, but instead goes to the general fund. For the reasons discussed above, we disagree. Article 102.005(c) shows that the fee falls within the first category of constitutional court-cost statutes: it is collected to recoup costs expended in the trial of the case. See Peraza , 467 S.W.3d at 517 ("We continue to hold, as we did in Weir [v. State , 278 S.W.3d 364 (Tex. Crim. App. 2009) ], that court costs should be related to the recoupment of costs of judicial resources."); Carson , 159 S.W.2d at 130 ;
*32 Johnson , 562 S.W.3d at 176-77, 2018 WL 4925456, at *5 ; Allen , 570 S.W.3d at 806-07, 2018 WL 4138965, at *8.
Two other courts of appeals recently have addressed facial constitutional challenges to the district clerk's fee, and both upheld the statute as constitutional. See Thornton v. State , No. 05-17-00220-CR, 2018 WL 2773390, at *3 (Tex. App.-Dallas June 11, 2018, no pet.) ; Davis v. State , 519 S.W.3d 251, 257 (Tex. App.-Houston [1st Dist.] 2017, pet. ref'd). Both courts addressed arguments like those made by appellant here: that the statute is facially unconstitutional because it does not direct where the funds are to be spent or because the funds "might be spent for a purpose not contemplated by the statute." Thornton , 2018 WL 2773390, at *2, *3 ; Davis , 519 S.W.3d at 257. Both courts rejected the argument, relying on the directive in Peraza that an appellant cannot succeed on a facial challenge to a statute simply based on "how the revenues might be spent in practice." Id. Like the courts in Thornton and Davis , we conclude the statute authorizing the collection of the district clerk's fee is constitutional. We overrule appellant's third issue.
CONCLUSION
Having overruled appellant's three issues on appeal, we affirm the trial court's judgment.
DISSENTING OPINION ON DENIAL OF MOTION FOR EN BANC RECONSIDERATION
Meagan Hassan Justice
Moliere was indicted for assault family violence (a Class A misdemeanor), the jury returned a verdict of guilty, the trial court entered judgment, and a panel of this court affirmed.[1] While Moliere seeks en banc reconsideration on several grounds, I believe the primary relevant question is limited to whether Apprendi[2] demands that a jury determine whether the alleged crime involved family violence and that question was answered by the jury when it convicted Moliere for misdemeanor assault involving family violence. The trial court permissibly took judicial notice of the conviction under the plain terms of Code of Criminal Procedure article 42.013. Nonetheless, I would grant en banc reconsideration to address two material errors in the panel's opinion that appear to threaten "the uniformity of the court's decisions." See Tex. R. App. P. 41.2 (c).
1. Illegal sentences can be attacked for the first time on appeal.
Moliere argues the panel incorrectly concluded, "that appellant's sentence was not illegal and thus he cannot rely on that doctrine to raise his issue on appeal." Moliere v. State, No. 14-17-00594-CR, 2018 WL 6493882, at *2 (Tex. App.-Houston [14th Dist.] Dec. 11, 2018, no pet. h.). Specifically, he argues the panel's assessment "puts the cart before the horse" because "[t]he ability to raise an illegal-sentence issue on appeal does not depend on whether the appellate court ultimately finds the illegal-sentence issue to be meritorious." I agree with Moliere and conclude the panel's opinion improperly implies a defendant's illegal-sentence claim must be meritorious before it can be raised as an issue on appeal.
2. The panel's opinion misstates relevant law.
*33 The panel concluded that, "To establish that his sentence is illegal, [Moliere] must first establish that the statute is facially unconstitutional." Id . I emphatically reject this contention as a misstatement of law that is predicated upon cases that do not stand for the proposition presented.
In Mizell v. State , the Texas Court of Criminal Appeals considered an appeal from a $0 fine based on a conviction for official oppression; because the fine was outside of the statutory range created by Penal Code section 12.21 (concerning the punishment range for Class A misdemeanors), the $0 fine was an illegal sentence "that ha[d] no legal effect". Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (en banc). At no time was the constitutionality of the official oppression statute (or section 12.21 ) ever implicated; in fact, the word "Constitution" (and all variants thereof) is absent from the Court of Criminal Appeals's opinion. Therefore, I dissent from this court's refusal to grant en banc reconsideration because I believe the panel opinion is contrary to controlling law.
Furthermore, the panel opinion cites three cases in support of its conclusion that Moliere must first prove the statute is unconstitutional before he can attack his illegal sentence: Karenev v. State, 281 S.W.3d 428 (Tex. Crim. App. 2009) ; Ex parte Beck, 541 S.W.3d 846 (Tex. Crim. App. 2017) ; and Massoth v. State, Nos. 14-03-00605-CR, 14-03-00606-CR, No. 2004 WL 1381027 (Tex. App.-Houston [14th Dist.] June 22, 2004, pet. ref'd) (mem. op., not designated for publication). Although the opinion's language is perhaps unintentionally imprecise, none of these decisions expressly stands for the cited conclusion of law; instead, the proposition is an incorrect statement of law that should be corrected by the en banc court. More specifically:
• Karenev simply stands for the proposition that a facial challenge to the constitutionality of a statute cannot be raised for the first time on appeal.
• Massoth involved a criminal defendant who lodged a generalized objection under Apprendi to his two life sentences being stacked by the trial court. There, this court held a generalized objection was insufficient to preserve the issue for appeal; contrary to the panel opinion's implication, however, Massoth neither involved nor mentioned an alleged "illegal sentence".[3]
• Ex parte Beck involved an exception to the general rule concerning waiver when the statute at issue has already been declared unconstitutional, but did not involve or mention illegal sentences.
Because Texas Rule of Appellate Procedure 49.3 precludes a panel rehearing, I *34 would grant en banc reconsideration to correct these two errors ourselves, rather than leave it to the Court of Criminal Appeals.

Because a majority of the justices who participated in the decision of the case is no longer on the court, any motion for rehearing would have been denied, Tex. R. App. P. 49.3.

Apprendi v. New Jersey , 530 U.S. 466 (2000).

I believe the panel opinion's use of Massoth for the proposition that illegal sentences can only be attacked by a showing that the sentence is facial unconstitutional is both contrary to controlling case law and a dangerous misrepresentation of this court's prior opinions. To the extent the panel simply intended for its citation to stand for the proposition that Moliere has not preserved his issue for appeal, this position is contrary to binding case law and the apparently ambiguous meaning of Massoth should be clarified.
The panel opinion's citation to Massoth was only the second in Texas jurisprudence. The other case citing Massoth is Lacy v. State , Nos. 14-05-00775-CR, 14-05-00776-CR, 14-05-00777-CR & 14-05-00778-CR, 2006 WL 2862156 (Tex. App.-Houston [14th Dist.] Oct. 10, 2006, no pet.) (mem. op., not designated for publication). Lacy expressly acknowledged the relevant holding in Massoth is at odds with decisions from the Austin and Waco Courts of Appeals. See id . at *2 n.1. This court's opinion in Lacy further noted that the Texas Court of Criminal Appeals denied petitions for review from both this court in Massoth and the Waco Court of Appeals in Marrow v. State, 169 S.W.3d 328, 330 (Tex. App.-Waco 2005, pet. ref'd).