

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00403-CR
_____

DERRICK DAVENPORT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 2
Lubbock County, Texas
Trial Court No. 2017-488,929, Honorable Drue Farmer, Presiding

July 30, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Derrick Davenport, appeals his conviction for assault, with a finding of family violence. Through two issues, he contends that 1) the trial court erred in admitting into evidence a 9-1-1 recording in violation of his right to confront witnesses, and 2) article 42.013 of the Texas Code of Criminal Procedure is unconstitutional as it applies to him. We affirm.

*Background*

Appellant was charged with assaulting his girlfriend, Shelby, at her apartment. At trial, the State introduced into evidence the 9-1-1 recording of Shelby's call reporting the

assault. The call was placed shortly after appellant completed the assault and left. In it, she can be heard describing the attack and requesting medical assistance. That led to the police and EMS being dispatched to the location.

Upon arriving at the scene, an officer noticed that Shelby was visibly upset and crying. So too did he observe that she suffered from injuries, which injuries included a knot behind her right ear, marks or scratches on her knees, and a tear to one of her nostrils. The officer also described seeing some of Shelby's hair on the floor. Pictures capturing her facial injuries were eventually admitted into evidence at the trial along with a medical report memorializing Shelby's visit to the emergency room. Appearing within the medical report was a description from Shelby of how she sustained her injuries; it consisted of her stating that her boyfriend, appellant, had "punched" her with closed fists "on her head and face."

Surveillance video capturing activities outside of Shelby's abode was also admitted into evidence. It depicted: 1) she and appellant arguing; 2) appellant kicking or attempting to kick her; and 3) appellant approaching the apartment, tampering with the surveillance camera, and forcing his way into her home.

*Issue One – 9-1-1 Recording*

In his first issue, appellant contends that admission of the 9-1-1 recording denied him his constitutional right to confront and cross-examine witnesses against him, namely Shelby. This is allegedly so because: 1) the recording was testimonial in nature; 2) Shelby was unavailable to testify at trial; and 3) the emergency had passed by the time she placed the 9-1-1 call. We overrule the issue.[1]

---

[1]In addressing the issue, we assume that admission of the recording was not rendered harmless because similar evidence describing how appellant beat her was admitted via the medical reports. *See*

2

The applicable standard of review when considering a claim like that at bar is de novo. *Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006). Next, the Confrontation Clause of the Sixth Amendment provides a criminal defendant with the right to cross-examine witnesses against him. *Townsend v. State*, No. 03-17-00495-CR, 2018 Tex. App. LEXIS 6582, at *3 (Tex. App.—Austin Aug. 21, 2018, no pet.) (mem. op., not designated for publication) (citing U.S. Const. amend. VI). As explained in *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), the Clause prevents "'core testimonial statements'" from being admitted when the declarant is unavailable to testify and the defendant lacks a prior opportunity to cross examine the declarant. *Wall,* 184 S.W.3d at 734-35 (quoting *Crawford*, 541 U.S. at 63, 67-68).

Next, the first step in determining if the admission of a 9-1-1 recording violates the accused's right to confront his accusers involves deciding whether the captured statements are testimonial. *See Patrick v. State*, No. 05-18-00435-CR, 2018 Tex. App. LEXIS 6562, at * 94 (Tex. App.—Dallas Aug. 20, 2018, no pet.) (mem. op., not designated for publication) (stating that "[t]he threshold inquiry for any alleged confrontation violation involving the admission of a statement is whether the admitted statement is testimonial or nontestimonial in nature"); *accord Hernandez v. State*, 562 S.W.3d 500, 504 (Tex. App.—Houston [1st Dist.] 2017, pet. dism'd). If non-testimonial, then its admission does not violate the Clause. *Sanchez v. State*, 354 S.W.3d 476, 485 (Tex. Crim. App. 2011).

Generally, statements made by a witness to police during contact initiated by the witness at the beginning of an investigation are not considered testimonial. *Hernandez*

---

*Grenado v. State*, No. 07-17-00148-CR, 2017 Tex. App. LEXIS 8735, at *3 (Tex. App.—Amarillo Sept. 13, 2017, no pet.) (mem. op., not designated for publication) (holding that error in the admission of evidence is harmless when similar evidence was admitted elsewhere without objection).

*v. State*, 562 S.W.3d at 505.  Nor are statements made during a 9-1-1 call placed primarily to request help during an emergency; generally, they are non-testimonial.  *Rosenbusch v. State*, No. 03-18-00096-CR, 2018 Tex. App. LEXIS 10862, at *3-4 (Tex. App.—Austin Dec. 28, 2018, no pet.) (mem. op., not designated for publication); *Hernandez*, 562 S.W.3d at 505.  This remains true even though the statements are not describing events in progress but rather events occurring in the immediate past and the statements are necessary for the police to form an idea about the type of emergency involved.  *Guzman v. State*, No. 02-18-00332-CR, 2019 Tex. App. LEXIS 4278, at *9 (Tex. App.—Fort Worth May 23, 2019, no pet.) (mem. op., not designated for publication).

At bar, we deal with circumstances like those in *Hernandez v. State.*  There, the call was made after the appellant had left the scene of the attack.  One could hear the caller's voice "shaking" as she breathed "heavily" while identifying her attacker and answering questions about the nature of the emergency and whether she needed assistance.  *Hernandez*, 562 S.W.3d at 505.  Given those circumstances, the *Hernandez* court found the statements were non-testimonial because they were "made under circumstances indicating that the primary purpose of the interrogation was to enable the police to meet an ongoing emergency, rather than to establish or prove past events potentially relevant to later criminal prosecution."  *Id.* at 507.

Here, Shelby made her 9-1-1 call shortly after the attack had ended and appellant had left.  She could be heard crying, upset, and in need of medical assistance.  Indeed, she advised the operator that she was "bleeding everywhere" and requested an ambulance.  Given this similarity to the circumstances in *Hernandez*, we too conclude that the call at issue here and statements therein were primarily a cry for help in an

4

emergency and, therefore, non-testimonial. *See, e.g.*, *Santacruz v. State*, 237 S.W.3d 822, 828 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (concluding that a domestic abuse victim's statements to 9-1-1 operator were non-testimonial even though they described events that had occurred ten to fifteen minutes earlier). Being non-testimonial, their admission did not deny appellant his right to confront Shelby.

*Issue Two – Texas Code of Criminal Procedure, Article 42.013 is unconstitutional on its face and as applied to appellant*

Next, appellant contends that because a finding of family violence purportedly exposes him to additional punishment, the question of whether he engaged in such was a matter for the jury to decide rather than the trial court. Thus, the statute obligating the trial court to make the finding allegedly is unconstitutional per *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002), and its predecessor, *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Furthermore, the additional punishment, in his view, consisted of the "loss of the right to carry a firearm, the inability to seek an order of nondisclosure for the offense, and enhanced classification of the offense for future allegations." We overrule the issue.

In *Apprendi*, the United States Supreme Court held where a State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, the fact must be found by a jury beyond a reasonable doubt, irrespective of how the State labels that fact. *Apprendi*, 530 U.S. at 482-483, 120 S. Ct. at 2359. This proposition was reaffirmed in *Ring.* *Ring*, 536 U.S. at 609, 122 S. Ct. at 2443 (involving the trial court entering a finding upon which the death penalty was contingent and holding that since "Arizona's enumerated aggravating factors operate as 'the functional equivalent of an

5

element of a greater offense,' [under *Apprendi*] the Sixth Amendment requires that they be found by a jury").

Next, article 42.013 of the Texas Code of Criminal Procedure states that, "[i]n the trial of an offense under Title 5 [Section 17.004 of the] Penal Code, if the court determines that the offense involved family violence, as defined by Section 71.004 [of the] Family Code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case. " TEX. CODE CRIM. PROC. ANN. art. 42.013 (West 2018). Allowing the trial court here to make such a finding and thereby expose appellant to the aforementioned penalties allegedly transgressed *Apprendi* and *Ring*, according to appellant. Thus, the statute allegedly was unconstitutional as applied to appellant and his situation.

A like argument was rejected by our Court of Criminal Appeals. *See Butler v. State*, 189 S.W.3d 299, 302-03 (Tex. Crim. App. 2006). In *Butler,* it noted that "[a]n affirmative family-violence finding affects a defendant's sentence only if the defendant has previously been convicted of assault-family violence." *Id.* at 302. Given the absence of a prior family violence finding, *Apprendi* was not in play, according to the *Butler* court. *Id.* at 303. Nor did it view *Apprendi* as being in play because the finding may result in Butler being exposed to "additional community supervision conditions." It held that community supervision was not part of his sentence and, therefore, the conditions imposed did not increase his punishment beyond the statutory maximum, per *Apprendi. Id.* The same has been said regarding the effect such a finding may have on the right to possess firearms. For instance, in *Moliere v. State*, 574 S.W.3d 21 (Tex. App.—Houston [14th Dist.] 2018, pet. filed), the court observed that "[t]he loss of the right to possess

firearms for a stated length of time, however, is not part of the punishment for appellant's crime." *Id.* at 26. Thus, a "restriction on weapons possession is a non-punitive consequence of appellant's conviction rather than a part of his sentence for *Apprendi* purposes." *Id.* at 27; *accord Williams v. State*, No. 05-10-00696-CR, 2011 Tex. App. LEXIS 6214, at *8-12 (Tex. App.—Dallas Aug. 10, 2011, pet. ref'd) (not designated for publication) (holding the same).

At bar, there is no evidence of a prior family violence finding portending to increase the maximum statutory sentence to which appellant was subject. Furthermore, the punishment actually assessed, i.e., one year coupled with a $500 fine, did not exceed the punishment assessable for the class A misdemeanor, like that in question. TEX. PENAL. CODE ANN. § 12.21 (West 2019) (stating the range of punishment for a class A misdemeanor as confinement in jail for a term not exceeding one year and a fine not exceeding $4,000). And, as indicated in *Butler, Apprendi* is not triggered simply because a second family violence finding may one day expose appellant to punishment greater than that applicable to a class A misdemeanor. Should appellant commit acts exposing himself to another family violence finding, then it may be time to decide whether Supreme Court precedent requires submission of the issue to a jury.

As for "the inability to seek an order of nondisclosure for the offense," appellant failed to explain how that is either punishment, punitive, or a penalty within the scope of *Apprendi, Ring,* or *Butler.* Nor did he cite us to authority intimating it is. Similarly missing is citation to authority holding that a family violence finding prevents one from seeking "an order of nondisclosure." Without such effort on his part, that aspect of his argument is inadequately briefed which, in turn, relieves us of the need to address it. *Ramos v. State*,

7

No. 07-17-00019-CR, 2017 Tex. App. LEXIS 10035, at *4 n.2 (Tex. App.—Amarillo Oct. 25, 2017, no pet.) (mem. op., not designated for publication) (holding that inadequately briefed contentions are waived).

The trial court judgment is affirmed.

Per Curiam

'

Do not publish.