

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00174-CR

———————————————

BILAL KHIRY GREEN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1728208

---

Before Kerr, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

## I.  INTRODUCTION

Following a jury's verdict that Appellant Bilal Khiry Green was guilty of the offenses of sexual assault of a child and indecency with a child sexual contact, the trial court made an affirmative finding that the offenses involved family violence.

In a single issue on appeal, Green complains that the trial court erred in its finding of family violence because the evidence was insufficient to show that he was a member of the victim's household.  We will affirm.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

In early April 2022, fourteen-year-old S.J.[1] and her family moved into a house owned by a woman named Delores.  Numerous other people lived in the house and occupied various bedrooms and living spaces.  S.J. and her siblings slept on pallets in the upstairs play area.

One night in April after moving in, S.J. came home from church to find Green sitting on the stairs of the house.  S.J. did not speak to Green that evening, but she discovered that he had moved into the house.  S.J. learned that Green was Delores's friend and that he was staying in her bedroom.

---

[1]We use initials to protect the victim's anonymity.  *See* Tex. R. App. P. 9.10(a)(3); *see also McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

Later that month, on April 19, 2022, while S.J was asleep in the upstairs play area, Green entered the room and sexually assaulted her. Immediately following the assault, S.J. told other adults in the home what Green did to her. Police were contacted, and they conducted an investigation. Green was charged by indictment with two counts of sexual assault of a child and one count of indecency with a child sexual contact.[2] The indictment also included a family-violence notice.

The case was tried to a jury, which produced mixed verdicts. The jury found Green guilty of one count of sexual assault of a child and one count of indecency with a child sexual contact but not guilty of the remaining count of sexual assault of a child. On the record and in the final judgment, the trial court made an affirmative finding that the offenses involved family violence. Green brought this appeal.

## III.  DISCUSSION

Green contends that the trial court erred in its affirmative finding of family violence because there was insufficient evidence that he was a member of S.J.'s household. Simultaneously, Green attempts to have us impose a beyond-a-reasonable-doubt standard for the trial court's finding of family violence. Because the evidence—regardless of the burden of proof—supports the finding, we disagree.

---

[2]The indictment originally charged Green with six counts, but the State waived three of the counts before trial.

## A. STANDARD OF REVIEW AND APPLICABLE LAW

Article 42.013 requires a trial court to make a family-violence finding "if the court determines that the offense involved family violence." Tex. Code Crim. Proc. Ann. art. 42.013; *see Butler v. State*, 189 S.W.3d 299, 302 (Tex. Crim. App. 2006). To decide whether sufficient evidence supports the factual basis for a trial court's entry of such a finding, we view the record in a light most favorable to the finding and ask whether any rational factfinder could have concluded that the offense involved family violence. *See Brown v. State*, No. 02-23-00189-CR, 2024 WL 4509589, at *7 (Tex. App.—Fort Worth Oct. 17, 2024) (mem. op., not designed for publication); *see also Gomez v. State*, No. 02-09-00086-CR, 2010 WL 1730832, at *1 (Tex. App.—Fort Worth Apr. 29, 2010, pet. ref'd) (mem. op., not designated for publication) (reviewing sufficiency of the evidence to support finding that prior conviction involved family violence); *Goodwin v. State*, 91 S.W.3d 912, 919–20 (Tex. App.—Fort Worth 2002, no pet.) (similar).

As relevant here, "family violence" is defined as "an act . . . against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault." Tex. Fam. Code Ann. § 71.004(1). The family code defines "household" as a "unit composed of persons living together in the same dwelling, without regard to whether they are related to each other." *Id.* § 71.005. Household status is a low threshold, and courts

4

have adopted a flexible approach to determining if two individuals qualify as household members under the family code. *See Turner v. State*, 650 S.W.3d 803, 808 (Tex. App.—Houston [14th Dist.] 2022, no pet.). Nothing in the family code requires a particular duration of time for one to live in the same dwelling with another to qualify as household members. *Id.*

"Assault," in turn, includes a person "intentionally or knowingly caus[ing] physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." Tex. Penal Code Ann. § 22.01(a)(3). And "sexual assault" occurs when a person "intentionally or knowingly . . . (A) causes the penetration of the anus or sexual organ of another person by any means, without that person's consent; (B) causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's consent; or (C) causes the sexual organ of another person, without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor." *Id.* § 22.011(a)(1).

## B. BURDEN OF PROOF

We first address Green's argument that the requisite burden of proof for a family-violence finding should require proof beyond a reasonable doubt.

Unfortunately, in the one instance when the Court of Criminal Appeals broached this burden-of-proof issue, it ultimately decided not to resolve it. *Word v. State*, 206 S.W.3d 646, 652–53 (Tex. Crim. App. 2006). Citing to briefing deficiencies,

*id.* at 652, the Court of Criminal Appeals commented that the issue was not ripe for consideration. *Id.* at 653. In a different instance, we have suggested, but not held, that "because the family[-]violence finding would have no bearing on offense or punishment issues, applying the civil burden of proof—by a preponderance of the evidence—would seem to make sense." *Meinzer v. State*, No. 02-23-00005-CR, 2024 WL 1100478, at *7–8 (Tex. App.—Fort Worth Mar. 14, 2024, no pet.) (mem. op., not designated for publication).

However, Green argues that because this is a criminal case, he is entitled to have the finding proved beyond a reasonable doubt. *See* Tex. Penal Code Ann. § 2.01. In his brief, Green likens a family-violence finding to that of a deadly-weapon finding, which requires the State to prove the deadly-weapon finding beyond a reasonable doubt. *See Polk v. State*, 693 S.W.2d 391, 396 (Tex. Crim. App. 1985); *see also Lafleur v. State*, 106 S.W.3d 91, 92 (Tex. Crim. App. 2003). However, we note that the consequences of a deadly-weapon finding differ from those of a family-violence finding, as a deadly-weapon finding affects a defendant's parole eligibility. *See* Tex. Gov't Code Ann. § 508.145(d). Another contrast is that a deadly-weapon finding is a question for the jury while a family-violence finding is a question for the trial court. *See Polk*, 693 S.W.2d at 396; Tex. Code Crim. Proc. Ann. art. 42.013.

The State contends that a family-violence finding is neither an offense's essential element nor does it increase the punishment beyond the prescribed statutory maximum. *See Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018); *see also*

6

*Moliere v. State*, 574 S.W.3d 21, 26 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd). The State thus argues that a family-violence finding does not require a finding from the trial court beyond a reasonable doubt. *Butler*, 189 S.W.3d at 302–03.

However, we will not determine which burden of proof applies to a trial court's finding of family violence because it is not necessary for our analysis under the facts of this appeal. Assuming, without deciding, that the State was required to prove the factual basis for the finding beyond a reasonable doubt, there is sufficient evidence to support the finding.

### C. SUFFICIENT EVIDENCE

For the trial court to make a finding of family violence, there must be evidence that Green and S.J. were members of the same household and that Green's act was intended to result in physical harm, bodily injury, assault, or sexual assault to her. *See* Tex. Fam. Code Ann. § 71.004(1). Green does not complain that his acts were not intended to result in harm, injury, or an assault; therefore, the sole inquiry is whether there is sufficient evidence that he and S.J. were members of the same household.

S.J. testified at trial that in early April 2022, she and her family moved into a house with another family. Sometime after she moved in, but before the sexual assault on April 19, 2022, Green arrived at the house and lived in Delores's bedroom. Although S.J. could not definitively recall the date that Green moved into the house, she testified unequivocally that he lived in the household before and on the day of the

7

sexual assault. S.J. estimated that she had lived at the house for two and a half weeks when Green sexually assaulted her.

Lois Spencer, another witness who lived in the house at the time of the offense, testified for Green at his trial. Her testimony similarly supports that Green was a member of the same household as S.J. Spencer testified that while S.J. was living in the home, Green[3] came to stay at Delores's house and slept on the bedroom floor. Spencer confirmed that Green had not lived at the house very long, but she explained that she too had recently moved in and lived in the house for at least two weeks.

Based on the testimonies of S.J. and Spencer, there is evidence that supports the factual basis for the trial court's entry of a family-violence finding. *See Brown*, 2024 WL 4509589, at *7. The mere fact that S.J. and Green's overlapping stays were fewer than twenty days[4] does not vitiate their status as household members. *Turner*, 650 S.W.3d at 808. Again, the family code does not require a particular length of time for one to live with another to qualify as household members. *Id.*

In viewing the evidence in the light most favorable to the trial court's finding, we conclude that a rational factfinder could have found—irrespective of the burden

---

[3]In her testimony, Spencer referred to Green as "B.K." S.J. also referred to Green as B.K. when she spoke with the sexual assault nurse examiner.

[4]While the record is unclear on when Green moved into the home, S.J. testified that she moved into the house sometime in April 2022 and that the sexual assault occurred on April 19, 2022. Therefore, even presuming S.J. moved in on April 1, 2022, she and Green could not have lived together for more than twenty days.

of proof imposed—that Green and S.J. were living together in the same dwelling and thus members of the same household at the time he assaulted her. *See, e.g., Shah v. State*, 414 S.W.3d 808, 814 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (legally sufficient evidence that defendant and complainant lived together in the same dwelling when defendant moved personal items into complainant's apartment, "set [ ] up camp" there, stayed there "every night" and "never left"); *Dixon v. State*, No. 05-09-00901-CR, 2010 WL 2180371, at *4 (Tex. App.—Dallas June 2, 2010, no pet.) (mem. op., not designated for publication) (defendant and complainant, both homeless, were determined to be household members even though they lived at an abandoned car wash); *Word v. State*, No. 11-03-00403-CR, 2005 WL 994690, at *3 (Tex. App.—Eastland Apr. 28, 2005, pet. dism'd) (mem. op., not designated for publication) (holding evidence sufficient to prove that defendant and complainant were members of the same household based upon complainant's testimony that defendant spent five nights a week at her house, and she "somewhat" considered him to be living with her). We hold that there is legally sufficient evidence to support the trial court's affirmative finding of family violence. Accordingly, we overrule Green's sole issue.

## IV.  CONCLUSION

Having overruled Green's sole issue, we affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  March 13, 2025