**Affirmed and Opinion filed August 1, 2017.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-16-00913-CR

**JEREMIAH M. MATTHEWS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1466348**

## O P I N I O N

Appellant Jeremiah M. Matthews appeals his conviction for attempted capital murder. In a single issue appellant argues the trial court lacked jurisdiction because the grand jury that indicted him sat in a different Harris County District Court than the one in which his case was heard. We conclude that the indictment vested jurisdiction in the trial court, and appellant did not preserve for review any procedural defect. We affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

The State filed a complaint alleging that appellant committed attempted capital murder. The complaint was assigned to the 182nd District Court in Harris County.

An indictment was later filed in the 182nd District Court, and signed by the grand jury foreman of the 179th District Court. The trial court proceedings were conducted in the 182nd District Court. After appellant pleaded "guilty" to attempted capital murder, the trial court ordered a presentence investigation report and reconvened for the punishment phase. Following the punishment hearing, the trial court assessed punishment at confinement for 45 years in the Institutional Division of the Texas Department of Criminal Justice.

# II. ISSUE AND ANALYSIS

Appellant argues that the trial court—the 182nd District Court of Harris County—lacked jurisdiction because the grand jury of a different court—the 179th District Court of Harris County—presented the indictment. Appellant relies on the grand jury foreman's stamp on the indictment to support his argument that the grand jury of the 179th District Court presented the indictment. Appellant contends that a grand jury serves a particular court, not a particular county, and therefore, when the 179th District Court's grand jury presented the indictment, it did not vest jurisdiction over the case in the 182nd District Court. According to appellant this means of presentment created a jurisdictional defect that can be raised for the first time on appeal. Our Houston sister court recently considered and rejected this argument in *Davis v. State*, 519 S.W.3d 251 (Tex. App.—Houston [1st Dist.] 2017, pet. filed). "Any procedural challenge to the transfer of a case within a county is . . . determined and resolved by proper application of local rule promulgated pursuant to constitutional and statutory authority; it is not a jurisdictional defect." *Id.* at 256

(citing Tex. Gov't Code § 74.094 (West 2015)); *Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd). We agree with our sister court and hold that appellant waived this issue for appellate review.

Criminal district courts have original jurisdiction in felony criminal cases. Tex. Code Crim. Proc. Ann. art. 4.05 (West 2015). To vest a court with jurisdiction of a criminal action, a grand jury must present an indictment or information charging a person with committing an offense. Tex. Const. art V, § 12(b); *see* Tex. Code Crim. Proc. art. 20.21 (West 2015). Appellant asserts that because a trial court acquires jurisdiction upon presentment of the indictment, the trial court did not acquire jurisdiction because the indictment was not properly presented.

A district court forms and impanels a grand jury and empowers it to inquire into indictable offenses, including attempted capital murder. *See* Tex. Code Crim. Proc. Ann. art. 20.09 (West 2015) ("The grand jury shall inquire into all offenses liable to indictment of which any member may have knowledge, or of which they shall be informed by the attorney representing the State, or any other credible person."); *Ex parte Edone*, 740 S.W.2d 446, 448 (Tex. Crim. App. 1987). After hearing testimony, a grand jury votes concerning the presentment of an indictment. *See* Tex. Code Crim. Proc. Ann. art. 20.19 (West 2015); *Ex parte Edone*, 740 S.W.2d at 448. After presentment, the State files the indictment in a court with jurisdiction to hear the case. *Cook v. State*, 902 S.W.2d 471, 476 (Tex. Crim. App. 1995); *Bourque*, 156 S.W.3d at 677. All state district courts within the same county have jurisdiction over the same cases. *See* Tex. Gov't Code Ann. § 74.094; *Davis*, 519 S.W.3d at 254.

Although a specific district court may impanel a grand jury, all cases returned by that grand jury are not necessarily assigned to that court. *Bourque*, 156 S.W.3d at 678. A case assigned to a district court other than the district court to which the

grand jury presented the indictment amounts only to a procedural irregularity, not a jurisdictional defect. *See Davis*, 519 S.W.3d at 254; *see also Tamez v. State*, 27 S.W.3d 668, 671 (Tex. App.—Waco 2000, pet. ref'd) (no jurisdictional defect where grand jury empaneled by 232nd Judicial District Court of Harris County returned indictment, which was later filed in 180th Judicial District Court of Harris County); *see also Mosley v. State*, 172 Tex. Crim. 117, 120, 354 S.W.2d 391, 393–94 (1962) (rejecting "jurisdictional" challenge where defendant was tried and convicted in district court other than one that empaneled grand jury even though record contained no transfer order). An objection to a procedural irregularity must be raised in the trial court. *Tamez*, 27 S.W.3d at 671. Appellant did not raise his complaint in the trial court.

The accused waives a defect in a charging instrument unless the accused raises it before trial. *See Studer v. State*, 799 S.W.2d 263, 268–69 (Tex. Crim. App. 1990); *see also Ex parte Matthews*, 873 S.W.2d 40, 41 (Tex. Crim. App. 1994); *Fisher v. State*, 887 S.W.2d 49, 60–61 (Tex. Crim. App. 1994) (addressing whether an indictment is facially incomplete and analyzing the sufficiency of the evidence in relation to that indictment); *State v. Yount*, 853 S.W.2d 6, 8 (Tex. Crim. App. 1993) (considering whether an indictment is sufficient if it indicates an offense date that is barred by the statute of limitations, and holding that "jurisdiction was conferred upon the trial court by the presentment of the charging instrument, even if the charging instrument was flawed"). If the defendant fails to direct the trial court's attention to the defects in the charging instrument before trial, the defendant may not raise those defects on appeal. *See Martin v. State*, 346 S.W.3d 229, 232 (Tex. App.—Houston [14th Dist.] 2011, no pet.). The indictment in this case is a written instrument presented to a court by a grand jury charging a person with the commission of an offense, and appellant does not argue otherwise. *See* Tex. Const. art. V, § 12(b);

*Martin*, 346 S.W.3d at 231–33. Thus, the presentment of the indictment vested the trial court with jurisdiction, regardless of any irregularity as to which grand jury presented the indictment. *See* Tex. Const. art. V, § 12(b); *Martin*, 346 S.W.3d at 231–33. Appellant's indictment reflects that it was filed with the Harris County District Clerk and signed by the grand jury foreman of the 179th District Court. The indictment charges appellant with attempted capital murder, a felony offense. Therefore, the indictment was properly presented to vest the 182nd District Court with jurisdiction of appellant's case. So, to avoid waiver, appellant had to raise any objection to proceeding in the 182nd—a procedural irregularity—in the trial court. *See Davis*, 519 S.W.3d at 256. Appellant did not complain to the trial court about this alleged defect or about proceeding in the 182nd District Court. Appellant filed no motion to quash or other pretrial motion complaining of the alleged defect. Appellant failed to preserve error on his complaint. We overrule appellant's sole issue on appeal and affirm the trial court's judgment.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Jamison and Busby.
Publish — Tex. R. App. P. 47.2(b).