**Reversed and Remanded and Majority and Concurring Opinions filed August 12, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00255-CR

---

## THE STATE OF TEXAS, Appellant

## V.

## REYMUNDO MARTINEZ, Appellee

---

**On Appeal from the County Criminal Court at Law No. 8
Harris County, Texas
Trial Court Cause No. 2297517**

---

## M A J O R I T Y   O P I N I O N

The State appeals the county criminal court at law's *sua sponte* dismissal of the charges brought against Appellee Reymundo Martinez. For the reasons below, we reverse the trial court's order dismissing the charges against Appellee and remand the case for further proceedings.

### BACKGROUND

Appellee was charged by information (supported by a sworn complaint) with

misdemeanor driving while intoxicated.  *See* Tex. Code Crim. Proc. Ann. art. 2.05; Tex. Penal Code Ann. § 49.04.  The information was filed in Harris County Criminal Court at Law No. 8.  On February 18, 2020, the county criminal court at law signed an order finding that "the complaint in this case fails to state facts supporting probable cause" and discharging Appellee.  The Harris County district attorney appealed the dismissal.

## ANALYSIS

Addressing the county criminal court at law's ruling, the State asserts the underlying complaint (1) complies with the applicable requirements in the Texas Code of Criminal Procedure, and (2) was not required to allege facts sufficient to support a probable cause determination.  With respect to the State's second contention, Appellee acknowledges that the State "appears to be correct." Appellee raises two additional issues:

1. This Court lacks jurisdiction over the State's appeal because the Harris County district attorney is not statutorily authorized to represent the State in criminal appeals from county-level courts.

2. The underlying complaint was invalid because it did not comply with Texas Code of Criminal Procedure article 2.04's requirement that the complaint's affiant be the same person who originally brought the alleged offense to the district attorney's attention.  *See* Tex. Code Crim. Proc. Ann. art. 2.04.

We address these issues below.

## I. Jurisdiction

Appellee argues the Harris County district attorney has no power to file an appeal from county criminal courts at law rulings, thus depriving this court of jurisdiction to hear this appeal.  Appellee's argument rests on a combined reading of several statutes and article V of the Texas Constitution:

Texas Constitution article V, section 21.

> A County Attorney, for counties in which there is not a resident Criminal District Attorney, shall be elected by the qualified voters of each county . . . . The County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but *if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature*.

Tex. Const. art. V, § 21 (emphasis added). Falling within this provision, Harris County has both a district attorney and a county attorney. Accordingly, the Harris County district attorney's duties are "regulated by the Legislature." *Id.*

Texas Code of Criminal Procedure article 2.01.

> Entitled "Duties of district attorneys", this article states:

> Each district attorney shall represent the State in *all criminal cases in the district courts of his district and in appeals therefrom*, except in cases where he has been, before his election, employed adversely.

Tex. Code Crim. Proc. Ann. art 2.01 (emphasis added). According to Appellee, this statute only permits the Harris County district attorney to handle appeals from "district courts" — not from other types of courts, such as county criminal courts at law.

Texas Government Code section 25.1033.

> Entitled "Harris County Criminal Court at Law Provisions", this section provides in subsection (k):

> The Harris County district attorney serves as *prosecutor for the county criminal courts at law* as provided by Section 43.180.

Tex. Gov't Code Ann. § 25.1033(k) (emphasis added). Appellee argues that this provision does not address whether the district attorney, as prosecutor for the

3

county criminal courts at law, has the authority to file appeals on behalf of the State in cases arising from these courts.

Texas Government Code section 43.180.

Entitled "Harris County District Attorney", subsections (b) and (c) state as follows:

> (b)     The district attorney shall attend each term and session of the district courts of Harris County. ***The district attorney shall represent the state in criminal cases pending in the district and inferior courts of the county***. The district attorney has control of any case heard on habeas corpus before any civil district court or criminal court of the county.
>
> (c)     ***The district attorney has all the powers, duties, and privileges in Harris County relating to criminal matters for and in behalf of the state that are conferred on district attorneys in the various counties and districts***.

*Id*. § 43.180(b), (c) (emphases added). With respect to subsection (b), Appellee argues that the Harris County district attorney is not authorized to handle appeals. Turning to subsection (c), Appellee contends there is no statute authorizing district attorneys in general to represent the State in criminal appeals from county-level courts.

Texas Government Code section 42.001.

> The court of criminal appeals shall appoint a state prosecuting attorney to represent the state in all proceedings before the court. ***The state prosecuting attorney may also represent the state in any stage of a criminal case before a state court of appeals if he considers it necessary for the interest of the state***.

*Id*. § 42.001(a) (emphasis added). Relying on this section, Appellee asserts an appeal from a Harris County criminal court at law may be advanced only by the state prosecuting attorney.

4

Reading these statutes together, Appellee argues that (1) the Harris County district attorney lacked authority to pursue an appeal from a county criminal court at law, and (2) the party permitted to appeal a judgment from the county criminal court at law (*i.e.*, the state prosecuting attorney) did not pursue an appeal in this case. Therefore, Appellee argues, this court lacks jurisdiction over the State's appeal.

This argument recently was considered in *State v. Santillana*, 612 S.W.3d 582 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd). Citing Texas Code of Criminal Procedure article 44.01, the *Santillana* court concluded the Harris County district attorney properly could pursue an appeal from the county criminal court at law's judgment. *See id*. at 586-87.

Here too, we conclude Appellee's jurisdictional argument lacks merit. Our analysis begins with article 2.01, which dictates the principal objective for district attorneys: "It shall be the primary duty of all prosecuting attorneys, including any special prosecutors, not to convict, but to see that justice is done." Tex. Code Crim. Proc. Ann. art. 2.01.

Against this backdrop, the Harris County district attorney is tasked with specific directives. As we outlined above, Texas Government Code section 25.1033(k) provides that the Harris County district attorney "serves as prosecutor for the county criminal courts at law." Tex. Gov't Code Ann. § 25.1033(k). As relevant here, Texas Code of Criminal Procedure article 44.01 provides that the State is "entitled to appeal an order of a court in a criminal case if the order: (1) dismisses an indictment, information, or complaint or any portion of an indictment, information or complaint[.]" Tex. Code Crim. Proc. Ann. art. 44.01(a)(1).

Reading these statutes together, we conclude the Harris County district

5

attorney may pursue a criminal appeal from a county-level court. The Harris County district attorney, as a prosecuting attorney, has a mandate "to see that justice is done." *Id.* art. 2.01. To effect this mandate, the Legislature has provided that the Harris County district attorney may serve as prosecutor for the county criminal courts at law and may appeal an order in a criminal case that dismisses an information or complaint. *See* Tex. Gov't Code Ann. § 25.1033(k); Tex. Code Crim. Proc. Ann. art. 44.01(a)(1). Therefore, because the Harris County district attorney timely filed a notice of appeal from the county criminal court at law's judgment, our jurisdiction was properly invoked.

We overrule Appellee's jurisdictional challenge.

## II.       Texas Code of Criminal Procedure Articles 2.04 and 21.22

Appellee was charged by information supported by a sworn complaint. *See* Tex. Code Crim. Proc. Ann. art. 2.05 ("[i]f the offense be a misdemeanor, the attorney shall forthwith prepare an information based upon such complaint and file the same in the court having jurisdiction"). The State challenges the dismissal based on article 21.22 of the Texas Code of Criminal Procedure:

> No information shall be presented until affidavit has been made by some credible person charging the defendant with an offense. The affidavit shall be filed with the information. It may be sworn to before the district or county attorney who, for that purpose, shall have power to administer the oath, or it may be made before any officer authorized by law to administer oaths.

*Id.* art. 21.22. Challenging the sufficiency of the complaint on appeal, Appellee relies on article 2.04 of the Texas Code of Criminal Procedure:

> Upon complaint being made before a district or county attorney that an offense has been committed in his district or county, he shall reduce the complaint to writing and ***cause the same to be signed and sworn to by the complainant***, and it shall be duly attested by said

6

attorney.

*Id*. art. 2.04 (emphasis added). Pointing out that the Harris County district attorney did not produce a record showing the affiant on the complaint was the officer who first complained of the underlying offense, Appellee argues the information was properly dismissed. This same issue also was raised by the defendants in *Santillana*. *See* 612 S.W.3d at 587 ("[t]he Defendants argue that the affiant for the complaint is required to be the same person who originally complained about the alleged offense to the district attorney").

Defects in a complaint must be raised before trial, and a defendant who fails to object to a defect, error, or irregularity of form or substance in an information before the date on which the trial on the merits commences waives the right to raise that issue on appeal. *See Ramirez v. State*, 105 S.W.3d 628, 630 (Tex. Crim. App. 2003); *Matthews v. State*, 530 S.W.3d 744, 747 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd). Relying on this precept, the *Santillana* court concluded the defendants waived their article 2.04 challenge because they "did not object before trial that the complaints were defective because they did not comply with article 2.04." 612 S.W.3d at 588; *see also State v. Yakushkin*, __ S.W.3d __, 2021 WL 1567958, at *7 (Tex. App.—Houston [14th Dist.] Apr. 22, 2021, no pet.) (noting the defendants did not raise their article 2.04 challenges in their motions to quash or at the hearings on the motions).

But unlike the *Santillana* and *Yakushkin* defendants (who moved to dismiss or quash their respective complaints), Appellee did not move to dismiss the complaint in the underlying proceeding. Rather, the complaint was dismissed by the county criminal court at law *sua sponte*. Accordingly, because neither party had the opportunity to raise or develop these issues in the trial court before the complaint was dismissed and the case proceeded to appeal, further development of

the record is necessary to determine the viability of both the State's article 21.22 contention and Appellee's article 2.04 contention. Therefore, we remand the case to the trial court with instructions that it permit the parties to develop and present evidence in support of their respective arguments. *See* Tex. R. App. P. 43.3.

## CONCLUSION

We overrule Appellee's jurisdictional challenge and conclude we may exercise jurisdiction over the State's appeal. We reverse the trial court's February 18, 2020 order dismissing the charges against Appellee and remand the case for further proceedings consistent with this opinion.


/s/     Meagan Hassan
        Justice


Panel consists of Justices Spain, Hassan, and Poissant (Spain, J., concurring).

Publish — Tex. R. App. P. 47.2(b).