

# IN THE
## TENTH COURT OF APPEALS

### No. 10-17-00333-CR
### No. 10-17-00334-CR

**TIO JACKSON,**

                         **Appellant**

**v.**

**THE STATE OF TEXAS,**

                         **Appellee**

### From the 220th District Court
### Hamilton County, Texas
### Trial Court Nos. CR08282 and CR08283

---

## MEMORANDUM OPINION ON REMAND[1]

---

In 2017, Tio Jackson entered open pleas of guilty to two offenses: (1) theft of a firearm, in Trial Court Number CR08282; and (2) aggravated assault with a deadly weapon, in Trial Court Number CR08283. The trial court sentenced Jackson to ten years

---

[1] Our original memorandum opinion in these cases was delivered on February 19, 2020. *Jackson v. State*, Nos. 10-17-00333-CR and 10-17-00334-CR, 2020 Tex. App. LEXIS 1349 (Tex. App.—Waco Feb. 8, 2020). In light of the Court of Criminal Appeals' opinion in *Dulin v. State*, 620 S.W.3d 129 (Tex. Crim. App. 2021), the Court vacated our judgments on May 12, 2021 and remanded them to us for proceedings consistent with its opinion.

in prison in Trial Court Number CR08282 (appellate case number 10-17-00333-CR) and to twenty-five years in prison in Trial Court Number CR08283 (appellate case number 10-17-00334-CR). The sentences were ordered to be served concurrently.

The trial court additionally imposed court costs in both cases—$249 in Trial Court Number CR08282 (appellate case number 10-17-00333-CR) and $299 in Trial Court Number CR08283 (appellate case number 10-17-00334-CR). Sentence was imposed in both cases on July 19, 2017, but the bill of costs for each case was not prepared until December 17, 2017. Jackson's appeals primarily challenge the court costs imposed in both cases.

Because there are errors in the trial court's judgments, we modify the judgments in both cases to reflect the appropriate amount of costs to be assessed Jackson and to correct clerical errors found in both judgments. The judgments are affirmed as modified.

### *Issues*

In his first issue, Jackson contests the facial constitutionality of some of the court costs imposed as part of his sentence because the costs, he argues, violate the separation of powers provision of the Texas Constitution. In his second issue, Jackson asserts that the trial court erred in imposing costs in both convictions because he was convicted of both offenses in a single criminal action. The State does not challenge the timing or propriety of Jackson's appeal of the assessed costs.[2]

---

[2] A defendant may raise an objection to the assessment of court costs for the first time on appeal when the costs are not imposed in open court and the judgment does not contain an itemization of the imposed court costs, as in this case. *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016).

In his third issue, Jackson argues that the judgments erroneously note there were plea bargain agreements in each case.

Because Jackson's arguments regarding the constitutionality of certain costs implemented will be affected in at least one conviction by Jackson's second issue, we discuss Jackson's second issue, first.

## *Discussion*

### A. Costs Assessed in both Convictions

The State concedes that the judgments in both cases should be reformed to reflect that costs are assessed in only one case. We agree that costs should have been assessed in either Trial Court Number CR08282 or Trial Court Number CR08283, but not both. *See Hurlburt v. State*, 506 S.W.3d 199, 203-204 (Tex. App.—Waco 2016, no pet.). Accordingly, Jackson's second issue is sustained, and we modify the judgment in Trial Court Number CR08282 (appellant case number 10-17-00333-CR) to delete the assessed court costs in the amount of $249. *See id.* at 204.

### B. Costs Challenged[3]

In his first issue, Jackson specifically challenges the following assessed costs:

1. a $40 "criminal basic clerk fee," authorized under former article 102.005(a) of the Code of Criminal Procedure;

2. a $4 "criminal juror reimbursement fund" fee, authorized under former article 102.0045(a) of the Code of Criminal Procedure;

---

[3] Because of our disposition of Jackson's second issue, the disposition of Jackson's first issue will only affect Trial Court Number CR08283 (appellate case number 10-17-00334-CR).

3. a $2 "criminal indigent defense fund" fee, authorized under former section 133.107 of the Local Government Code; and

4. a $25 "time payment" fee, authorized under former section 133.103(a)(1)-(2) of the Local Government Code.[4]

### 1. Standard of Review and Applicable Law

Whether a statute is facially constitutional is a question of law that we review de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). When considering a statute's constitutionality, we begin with the presumption that the statute is valid. *Allen v. State*, 614 S.W.3d 736, 740 (Tex. Crim. App. 2019). The party challenging the constitutionality of a statute bears the burden of establishing its unconstitutionality. *Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015).

With the statute's presumed constitutionality, Jackson already faces a high burden. *See Allen*, 614 S.W.3d at 740. But because Jackson has launched a facial challenge, he bears an even greater burden. *See id*. "A facial challenge is an attack on a statute itself as opposed to a particular application." *City of Los Angeles v. Patel*, 576 U.S. 409, 135 S. Ct. 2443, 2449, 192 L.Ed.2d 435 (2015). To prevail on a facial challenge, a party must establish that the statute always operates unconstitutionally in all possible circumstances. *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013). Thus, if there is any possible constitutional application of the statute, a party's facial challenge fails. *Peraza*, 467 S.W.3d at 515-16. Given this high burden, a facial challenge is "the most difficult challenge to

---

[4] Effective January 1, 2020, each of the provisions supporting the specific costs challenged by Jackson were either repealed or relocated. *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346, § 2.54, 2019 Tex. Sess. Law Serv. Ch. 1352. The legislative changes to all the provisions apply only to a cost, fee, or fine assessed on a conviction for an offense committed on or after the effective date of the Act. *Id*. at § 5.01. Because the offense in this case was committed well before January 1, 2020, the former provisions apply. *Id*.

mount successfully." *Allen*, 614 S.W.3d at 741 (quoting *United States v. Salerno*, 481 U.S. 739, 745, 107 S. Ct. 2095, 95 L.Ed.2d 697 (1987)).

In this case, Jackson's facial challenges are grounded in the separation of powers provision of the Texas Constitution. TEX. CONST. art. II, § 1. This provision prohibits one branch of government from assuming or delegating a power more properly attached to another branch. *See* TEX. CONST. art. II, § 1; *Ex parte Lo*, 424 S.W.3d at 28. As it pertains to this case, if a statute contains a provision by which courts are turned into "tax collectors," as Jackson alleges, then the effect of the statute is to delegate to courts a power more properly attached to the executive branch. *See Salinas v. State*, 523 S.W.3d 103, 107 (Tex. Crim. App. 2017). However, a court's assessment of costs is a proper judicial function when "the statute under which court costs are assessed (or an interconnected statute) provides for an allocation of such court costs to be expended for legitimate criminal justice purposes." *Id.* What constitutes a legitimate criminal justice purpose is determined on a statute-by-statute/case-by-case basis by what the governing statute says about the intended use of the funds, not whether funds are actually used for a criminal justice purpose. *Id.*

At least two types of constitutionally permissible court costs have been expressly recognized by the Court of Criminal Appeals:

(1) those that reimburse criminal justice expenses incurred in connection with the defendant's particular criminal prosecution, and

(2) those that are to be expended to offset future criminal justice costs.

*Allen v. State*, 614 S.W.3d 736, 744 (Tex. Crim. App. 2019).

2. *Application of Law to Specific Fees — District Clerk Fee*

Former article 102.005 of the Texas Code of Criminal Procedure required payment of the district clerk's fee. *Former* TEX. CODE CRIM. PROC. art. 102.005(a) ("[a] defendant convicted of an offense in a … district court shall pay for the services of the clerk of the court a fee of $40."). The basis of the fee is "for all clerical duties performed by the clerk." *Id*. at (c). Other Texas Courts of Appeals have addressed facial constitutional challenges to the district clerk's fee and have upheld the fee as constitutional. *See Thornton v. State*, No. 05-17-00220-CR, 2018 Tex. App. LEXIS 4182, 2018 Tex. App. LEXIS 4182, at *7-8 (Tex. App.—Dallas June 11, 2018, no pet.) (not designated for publication); *Davis v. State*, 519 S.W.3d 251, 257 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). *See also King v. State*, No. 11-17-00179-CR, 2021 Tex. App. LEXIS 5411, at *6 (Tex. App.—Eastland July 8, 2021, no pet. h.) (not designated for publication). We agree with those discussions and holdings and conclude that the provision authorizing the district's clerk's fee is not facially unconstitutional.

*— Jury Reimbursement Fee*

The jury reimbursement fee was required by former article 102.0045 of the Texas Code of Criminal Procedure which provided:

> A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to all other costs, a fee of $4 to be used to reimburse counties for the cost of juror services . . . .

*Former* TEX. CRIM. PROC. art. 102.0045(a). Pursuant to subsection (b), the clerk of the court "shall remit" these collected fees to the comptroller, who then "shall deposit the fees in

the jury service fund."  *Id*. art. 102.0045(b).

The Eastland Court of Appeals has recently held former article 102.045 is not facially unconstitutional.  *King v. State*, No. 11-17-00179-CR, 2021 Tex. App. LEXIS 5411, at *7 (Tex. App.—Eastland July 8, 2021, no pet. h.) (not designated for publication).  In *King*, the Court noted that, pursuant to the Texas Government Code, if a county filed a claim for reimbursement of jury services, the State reimbursed the county for the cost of juror services.  *See* TEX. GOV'T CODE § 61.0015(a), (b); *Id*.  The comptroller paid these claims for reimbursement from money collected under former article 102.0045 of the Code of Criminal Procedure and deposited in the jury service fund.  *Id*. §§ 61.0015(c), 61.001; *King*, 2021 Tex. App. LEXIS 5411, at *7.  Thus, the Court concluded, the funds collected and paid reimbursed counties for the cost of juror services, which necessarily included services pertaining to criminal juries.  *See Former* CODE CRIM. PROC. art. 102.0045(a); *King*, 2021 Tex. App. LEXIS 5411, at *7; *Johnson v. State*, 562 S.W.3d 168, 179 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd) (jury expenses "include those pertaining to criminal juries").

We agree with *King*'s assessment of the statutes and former Code provision and, likewise, hold that the jury reimbursement fee is for a legitimate criminal justice purpose and is not facially unconstitutional.  Further, although Jackson did not have a jury trial, we also find that this type of cost specifically falls within the constitutionally permissible category of costs that are to be expended to offset future criminal justice costs.  *See Allen v. State*, 614 S.W.3d 736, 744 (Tex. Crim. App. 2019).

— *Indigent Defense Fund*

Former Section 133.107 of the Texas Local Government Code required the payment of the indigent defense fee. *Former* LOC. GOV'T § 133.107. Subsection (a) provides, in relevant part:

> A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to other costs, a fee of $2….

*Id.* § 133.107 (a). The fee collected is used to fund indigent defense representation (which is not defined) through the fair defense account established under Section 79.031 of the Texas Government Code. *Id.* After the comptroller receives the indigent defense fee, subsection (b) of former section 133.107 provides that the comptroller "shall credit the remitted fees to the credit of the fair defense account…." *Id.* § 133.107(b). The fair defense account is "an account in the general revenue fund that may be appropriated only to:

> (1) the commission for the purpose of implementing [Chapter 79]; and
>
> (2) the office of capital and forensic writs for the purpose of implementing Subchapter B, Chapter 78."

TEX. GOV'T CODE § 79.031.

Chapter 79 of the Texas Government Code, entitled "Texas Indigent Defense Commission," governs the commission's role to "develop policies and standards for providing legal representation and other defense services to indigent defendants at trial, on appeal, and in postconviction proceedings." *Id.* § 79.034(a); *King v. State*, No. 11-17-00179-CR, 2021 Tex. App. LEXIS 5411, at *10 (Tex. App.—Eastland July 8, 2021, no pet. h.) (not designated for publication). The policies and standards include, but are not

limited to, "standards governing the availability and reasonable compensation of providers of indigent defense support services for counsel appointed to represent indigent defendants." TEX. GOV'T CODE *Id.* § 79.034(a)(9); *King*, 2021 Tex. App. LEXIS 5411, at *10. "Indigent defense support services," as that term is used in Section 79.034(a)(9), means "criminal defense services that: (A) are provided by licensed investigators, experts, or other similar specialists, including forensic experts and mental health experts; and (B) are reasonable and necessary for appointed counsel to provide adequate representation to indigent defendants." *Id.* § 79.001(9); *King*, 2021 Tex. App. LEXIS 5411, at *10-11.

After reviewing these statutes, and like the Eastland Court of Appeals in *King,* we conclude section 79.001(9) is included within the meaning of 'indigent defense representation,' as that term is used in former section 133.107 of the Local Government Code. *See King*, 2021 Tex. App. LEXIS 5411, at *11. Thus, we agree that these provisions establish that the indigent defense fee is expended for a legitimate criminal justice purpose, such as the right to counsel. *See id.* Further, we also conclude the provisions fall within the constitutionally permissible categories of costs that either 1) reimburse criminal justice expenses incurred or 2) are to be expended to offset future criminal justice costs. *See Allen v. State*, 614 S.W.3d 736, 744 (Tex. Crim. App. 2019). As such, the former statute is not facially unconstitutional.

### 3. *Jackson's argument*

Jackson argues that a report from the comptroller's website and a study from the Office of Court Administration reflect the final destination for the challenged fees to be

in a general fund which violates the separation of power doctrine. However, we may only look to the specific statute to determine the intended use of the funds, "not whether they are actually used for a criminal justice purpose." *Salinas v. State*, 523 S.W.3d 103, 107 (Tex. Crim. App. 2017). *See also Allen v. State*, 614 S.W.3d 736, 744 (Tex. Crim. App. 2019) ("a reimbursement-based court-cost statute need not direct the collected funds to be expended for a criminal justice purpose in order to comport with separation of powers principles."). We decline to hold that these cost provisions violate the separation of powers provision simply because the government may ultimately use the funds for non-criminal-justice purposes. *See Allen*, 614 S.W.3d at 744 n.9.

Accordingly, as to these three fees, Jackson has failed to satisfy his burden to establish that it was not possible for these provisions to operate constitutionally under any and all circumstances.

### 4. *Agreement—Time-Payment Fee*

Regarding the time-payment fee, in briefing on remand, Jackson and the State agree that, pursuant to the Court of Criminal Appeals' opinion in *Dulin v. State*, 620 S.W.3d 129, 134 (Tex. Crim. App. 2021), the assessment of a $25.00 time-payment fee in this case was premature. Thus, the parties request that we modify the trial court's judgment by deleting the $25.00 time-payment fee from the costs that the district clerk may collect and affirm the trial court's judgment as modified. In this case, the trial court included in its judgment an assessment of $299.00 as court cost. The bill of cost, dated two months after the date the sentence was imposed, identified the details of the assessed court cost. The $25.00 time-payment fee was included in those details.

After reviewing the caselaw and the record in this case, we agree that the inclusion of a time-payment fee in the bill of cost by the clerk, in Trial Court Number CR08283 (appellate case number 10-17-00334-CR), and included in the amount of cost noted in the judgment by the trial court, was premature. Thus, we modify both the judgment and bill of cost in Trial Court Number CR08283 (appellate case number 10-17-00334-CR) to delete the time-payment fee included as part of the cost in both of those documents. *See Dulin v. State*, 620 S.W.3d 129 (Tex. Crim. App. 2021); *Bryant v. State*, No. 10-18-00352-CR, 2021 Tex. App. LEXIS 6000, at *2-3 (Tex. App.—Waco July 28, 2021, no pet. h.)(publish).

### 5. *Conclusion*

Accordingly, in light of the arguments raised, Jackson's first issue is overruled. The judgment and bill of cost in Trial Court Number CR08283 (appellate case number 10-17-00334-CR), however, are modified as to the time-payment fee only.

### C. Reformation of Judgments

Regarding Jackson's third issue, the State agrees that there were no agreements between Jackson and the State in exchange for Jackson's guilty pleas. Nevertheless, the judgments adjudicating guilt state the following:

(1) in case number CR08282 (appellate case number 10-17-00333-CR): "Terms of Plea Bargain: TEN (10) YEARS INSTITUTIONAL DIVISION, TDCJ; $1,000.00 FINE; COURT COSTS;" and

(2) in case number CR08283 (appellate case number 10-17-00334-CR): "Terms of Plea Bargain: TWENTY-FIVE (25) YEARS INSTITUTIONAL DIVISION, TDCJ; COURT COSTS."

A court of appeals has authority to correct or reform a judgment to make the record speak the truth when it has information to do so. *See* TEX. R. APP. P. 43.2(b); *see*

*also Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (interpreting former Rule of Appellate Procedure 80, the precursor to rule 43.2); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd). Because the judgments adjudicating guilt were not the product of plea bargains between Jackson and the State, Jackson's third issue is sustained; and we reform each judgment to delete the language under the heading "Terms of Plea Bargain."

### *Conclusion*

Because Jackson's second and third issues are sustained and an agreement, in which this Court concurs, was reached by the parties regarding part of Jackson's first issue, we affirm as modified the trial court's Judgment of Conviction by Court—Waiver of Jury Trial in Trial Court Number CR08282 (appellate case number 10-17-00333-CR) and the Judgment of Conviction by Court—Waiver of Jury Trial in Trial Court Number CR08283 (appellate case number 10-17-00334-CR).


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Affirmed as modified
Opinion delivered and filed October 20, 2021
Do not publish
[CR25]

